Thomas E. **PEREZ**, Plaintiff,

v.

**CITY NATIONAL CORPORATION,
et al.,** Defendants.

CV 15–03084 TJH (JCx)

United States District Court,
C.D. California, Western Division.

Signed April 5, 2016

946

Charles C. Song, Daniel J. Chasek, Grace A. Kim, Natalie.A. Nardecchia, US Department of Labor, Los Angeles, CA, Danielle L. Jaberg, US Department of Labor, San Francisco, CA, Evan H. Nordby, US Department of Labor, Seattle, WA, for Plaintiff.

Brian David Boyle, Shannon M. Barrett, O'Melveny and Myers LLP, Washington, DC, Catalina J. Vergara, Christopher Brendan Craig, O'Melveny and Myers LLP, Los Angeles, CA, for Defendants.

Order

Terry J. Hatter, Jr., Senior United States District Judge

The Court has considered Plaintiff Secretary of Labor Thomas E. Perez's [hereafter "the Secretary"] motion for partial summary judgment, together with the moving and opposing papers.

The Secretary claims that City National Corporation, various City National subsidiaries, and various individual employees, acting as fiduciaries, engaged in self-dealing when City National Corporation, or its subsidiaries, received compensation from the City National Corporation Profit Sharing Plan [hereafter "the Plan"] when they were only entitled to reimbursement for limited, verifiable direct expenses pursuant to the Employee Retirement Income Securities Act of 1974 ["ERISA"]. 29 U.S.C. §§ 1001–1191c.

The Secretary moves for partial summary judgment against City National Corporation, City National Bank, and the Plan's Benefit Committee members Marianna Lamutt, Christopher Carey, Michael Cahill, Michael Nunnelee, Richard Byrd, Vernon Kozlen, and Kate Dwyer [collectively hereafter "City National"] on the following ERISA claims: (1) Violation of the fiduciary requirements to act prudently and for the exclusive purpose of providing benefits to Plan participants and beneficiaries, pursuant to 29 U.S.C. §§ 1104(a)(1)(A) and (B); (2) Violation of ERISA's fiduciary requirements to not en-

gage in prohibited transactions, pursuant to 29 U.S.C. §§ 1106(b)(1) and (2); and (3) Joint and several liability as co-fiduciaries, pursuant to 29 U.S.C. § 1105(a) and § 1109(a).

The Secretary's claims relate to City National's administration of the Plan from 2006 through 2012, and are subject to a six-year statute of limitations. 29 U.S.C. § 1113(1). The parties signed annual tolling agreements starting in 2011, and ending in 2015. Accordingly, the Secretary's claims are not barred by the statute of limitations.

In a motion for summary judgment, when the moving party has the burden of proof at trial, as the Secretary has here, the moving party has the initial burden of establishing a *prima facie* case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the Secretary satisfies his burden, the burden shifts to City National to introduce evidence sufficient to raise a triable issue. *See Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548.

ERISA requires that City National, as fiduciaries, must act "for the exclusive purpose of providing benefits to participants and beneficiaries; and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A). ERISA fiduciaries are, also, required to act "with the care, skill, prudence, and diligence under the circumstances, then prevailing, that a prudent [person] acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B).

■ The Secretary provided evidence, in the form of deposition testimony from named defendants and other City National employees, that City National did not act for the exclusive benefit of Plan participants or defray reasonable expenses, in violation of 29 U.S.C. § 1104(a)(1)(A).

City National admitted that it received compensation from the Plan in a mostly automated process without tracking direct expenses or knowing how much direct expenses were required for the Plan's operation, such that City National could not ensure that it was receiving reimbursement for no more than direct expenses. Moreover, City National's failure to track direct expenses, acceptance of fees from the Plan without any review or independent investigation into the reasonableness of those fees, and the failure to reimburse the Plan upon discovery of the unreasonably high fees establishes that City National failed to act with the care, skill, prudence, and diligence under the circumstances of a prudent person, thereby violating 29 U.S.C. § 1104(a)(1)(B).

Accordingly, the Secretary has satisfied his initial burden of establishing a *prima facie* case that City National breached its fiduciary duties pursuant to 29 U.S.C. §§ 1104(a)(1)(A) and (B). Therefore, the burden shifts to City National to introduce evidence sufficient to raise a triable issue.

■ To establish that City National did not breach its fiduciary duties imposed by 29 U.S.C. §§ 1104(a)(1)(A) and (B), City National introduced evidence that SunGard, an outside vendor, would have provided Plan administrative services at a greater cost than charged by City National. However, City National contacted only one potential vendor, SunGard. The ERISA fiduciary duties are the "highest known to the law," and to enforce them, the Court must focus on a fiduciary's thoroughness of the investigation of its options to insure that it acted in the best interests of the plan beneficiaries. *Howard v. Shay,* 100 F.3d 1484, 1488–89 (9th Cir.1996). Rather than shopping administration of the Plan to additional vendors or appointing a non-conflicted fiduciary, City National relied on SunGard's proposed adminis-

trative fees, which City National did not question or retain a second vendor to review. *See Howard,* 100 F.3d at 1489. A prudent fiduciary would have done more, and merely hiring an independent vendor does not fulfill ERISA's prudence requirement. *See Howard,* 100 F.3d at 1489–90. Accordingly, City National failed to raise a triable issue that it violated 29 U.S.C. §§ 1104(a)(1)(A) and (B).

■ ERISA, also, prohibits plan fiduciaries from engaging in self-dealing. 29 U.S.C. §§ 1106(b)(1) and (2). The Secretary asserts that City National engaged in self-dealing by charging high fees to the Plan and failing to keep records of direct expenses that City National actually incurred in servicing the Plan.

■ ERISA provides that a fiduciary "shall not deal with the assets of the plan in his own interest or for his own account." 29 U.S.C. § 1106(b)(1). The term "assets of the plan" must be read broadly in favor of a functional approach, which requires the Court to determine "whether the item in question may be used to the benefit of the fiduciary at the expense of plan participants and beneficiaries." *Acosta v. Pacific Enters.,* 950 F.2d 611, 620 (9th Cir.1991). The Secretary provided evidence that City National selected which mutual funds to make available to the Plan, with the understanding that each of the selected mutual funds provided revenue sharing with City National and would increase the compensation that City National received for its administration services. City National admitted that it entered into a professional servicing agreement with its own subsidiary to administer the Plan, which provided that City National was entitled to reasonable fees and additional reasonable compensation for servicing the Plan. However, those agreements, also, provided that City National could determine the "reasonable fee" collected from the Plan's funds. *See Patelco Credit Union v. Sahni,* 262

F.3d 897, 911 (9th Cir.2001). Thus, City National breached their fiduciary duties by engaging in self-dealing in violation of 29 U.S.C. § 1106(b)(1).

■ ERISA, further, provides that a fiduciary shall not, in an individual or in any other capacity, act in any transaction involving the Plan on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants or beneficiaries. 29 U.S.C. § 1106(b)(2). The Secretary did not provide any records that identified with specificity the direct expenses actually incurred by City National. However, the Secretary provided deposition testimony from City National that in 2008, its compensation from the Plan exceeded its direct expenses, which were recorded in City National's "Direct Cost Analysis." However, the Direct Cost Analysis that City National created was based on estimates and averages, rather than evidence of direct expenses actually incurred. This evidence establishes that the Plan's fiduciaries were acting on behalf of City National, rather than Plan beneficiaries, thereby violating 29 U.S.C. § 1106(b)(2). Therefore, the Secretary has established a *prima facie* case that City National violated 29 U.S.C. §§ 1106(b)(1) and (2). Accordingly, the burden shifts to City National to produce evidence sufficient to raise a triable issue.

City National argues that the Secretary did not establish a *prima facie* case that it did not engage in the alleged prohibited self-dealing because (1) the Secretary did not provide evidence of direct expenses, (2) City National was entitled to "reasonable compensation" for administering the Plan, pursuant to 29 U.S.C. § 1108(c)(2), and (3) even if City National was charging the Plan high fees, the provision of services to the Plan exceeded City National's revenue from Plan administration.

First, City National's own admissions establish a *prima facie* violation of 29 U.S.C. § 1106(b). Second, the reasonable compensation exemption contained in 29 U.S.C. § 1108(c)(2) does not apply to fiduciary self-dealing. *See Patelco*, 262 F.3d at 911. If City National wished to receive reasonable compensation for administering the Plan, it should have followed the formal procedures set forth in 29 U.S.C. § 1108(a). *See Patelco*, 262 F.3d at 912. Third, the expert reports that City National provided to raise a triable issue suffer from the same flaws as its Direct Cost Analysis: they are based on averages and estimates. City National should have kept contemporaneous time records so that it could calculate actual costs of administrating the Plan. By calculating the Direct Cost Analysis using averages and estimates, City National could have over or under charged the Plan. Accordingly, City National failed to produce evidence sufficient to raise a triable issue.

Further, the City National defendants are all jointly and severally liable by virtue of their relationship with one another, and that each Defendant enabled the others to commit their fiduciary breaches. 29 U.S.C. § 1105(a) and § 1109(a).

Accordingly,

It is Ordered that the Secretary's motion for partial summary judgment be, and hereby is, Granted.

It is further Ordered that City National, with the assistance of an independent fiduciary, perform an accounting of the all of the compensation it received, in the form of mutual fund revenue for the Plan, plus lost opportunity cost.

It is further Ordered that the parties shall appear for a status conference at 10:00 am, Monday, April 11, 2016, to discuss whether the Secretary intends to proceed to trial on the remaining claims and defendants in light of this Order.